UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HELEN NICKELS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 4:21-CV-00363-AGF ) |
| SCOTT CREDIT UNION, et al | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This action under the Fair Credit Reporting Act (FCRA) and the Missouri Merchandising Practices Act (MMPA) arises out of Defendant Scott Credit Union's (SCU) reporting of debt owed by Plaintiff in connection to a car loan agreement allegedly entered by Plaintiff in 2016. Plaintiff claims that she never entered the loan agreement in question; that the loan agreement was entered by her son, using her name without her knowledge or consent; that she informed the credit reporting agencies (CRAs)[1] of her dispute in 2020, after she discovered the debt was being reported in her name; and that SCU thereafter failed to reasonably investigate the dispute and delete the inaccurate information reported to the CRAs.

The matter is now before the Court on SCU's motion (ECF No. 26) to strike certain immaterial references in Plaintiff's complaint, and to either dismiss Plaintiff's claims against SCU for failure to state a claim or grant summary judgment on those claims because undisputed facts outside the pleadings defeat those claims as a matter of law.

---

[1] The CRAs were also named as Defendants in this case. Two of them, Equifax Information Services, LLC and Trans Union, LLC, still remain in this case, but they have answered Plaintiff's complaint and have not joined SCU's motion.

Plaintiff opposes the motion and also requests, pursuant to Federal Rules of Civil Procedure 56(d), to defer any summary judgment ruling until she can conduct discovery. Further, Plaintiff seeks leave to amend her complaint in order to cure the deficiencies raised by SCU's motion to strike.[2] Plaintiff has attached the affidavit of her attorney in support of her Rule 56(d) request, and she has also attached a proposed amended complaint.

Because SCU has submitted matters outside of the pleadings that this Court believes are pertinent, the Court will treat SCU's motion as one for summary judgment under Federal Rule of Civil Procedure 12(d).  Upon careful review of the motion and Plaintiff's response thereto, the Court concludes that motion relies at least in part on contested factual issues that have not been subject to discovery.  These factual issues include, for example, the date on which Plaintiff first learned of the basis for her FCRA claim, which is relevant to a statute-of-limitations defense raised in SCU's motion.

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P.56(d).  Because "[t]he purpose of Rule 56(d) is to provide an additional safeguard against an improvident or premature grant of summary judgment," courts have held that "the rule should be applied with a spirit of liberality," particularly where, as here, the case is still in the relatively early stages.  *Rummel v. Massachusetts Mut.*

---

[2]    Plaintiff asserts that much of the material that SCU seeks to strike was inadvertently included in the complaint because she filed an "incorrect draft of the complaint." ECF No. 36 at 9.

*Life Ins. Co.*, No. 4:13 CV 1743 RWS, 2014 WL 1116741, at *1 (E.D. Mo. Mar. 20, 2014) (citations omitted).

Plaintiff asserts that she is not able to respond to certain of SCU's arguments because information relevant to those arguments are solely within SCU's control. Because Plaintiff has made at least a good faith showing that discovery may inform her response to Defendants' motion, the Court will grant Plaintiff's Rule 56(d) request for such discovery.

Upon careful consideration of the parties' briefs and the authorities cited therein, the Court will grant Plaintiff until January 3, 2022, to conduct whatever discovery that she believes is necessary to respond to Defendants' motion.

The Court will also grant Plaintiff leave to amend her complaint under Federal Rule of Civil Procedure 15(a)(2), which provides that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). SCU argues that Plaintiff's proposed amendment does not save her complaint from dismissal. However, it is not clear to the Court, at least on the record before it, that the proposed amendment is futile.

Defendants remain free to seek dispositive relief based on the pleadings alone by appropriate motion after the amended complaint is filed. To the extent that SCU wishes to refile its motion for summary judgment, it may do so on or after January 3, 2022. SCU may advise the Court at that time that they wish to incorporate by reference its previously filed memorandum in support thereof or may file a new supporting memorandum.[3]

Accordingly,

---

[3]   After January 3, 2022, the Court will not grant any further request by Plaintiff under Rule 56(d) for more time to respond to a motion for summary judgment absent a showing with specificity that additional discovery is required to respond to the motion and good cause why such discovery has not been completed.

3

**IT IS HEREBY ORDERED** that Defendants' motion to strike or dismiss all counts, or alternatively, for summary judgment, is **DENIED without prejudice**.  ECF No. 26

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and separately file Plaintiff's proposed amended complaint (ECF No. 36-1 at pp. 4-14), which shall be deemed filed with leave of the Court.

**IT IS FURTHER ORDERED** that on, or after January 3, 2022, Defendant Scott Credit Union may refile its motions for summary judgment, either incorporating by reference its previously filed memorandum in support thereof or filing new supporting memorandum.

                                                                   */s/ Audrey G. Fleissig*
                                          AUDREY G. FLEISSIG
                                          UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2021.