UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HELEN NICKELS, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | )   Cause No.: 4:21-CV-00363-AGF |
| | ) |
| SCOTT CREDIT UNION, et al | ) |
| | ) |
| | ) |
|   Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on two motions (ECF Nos. 62 & 65) related to Defendant Scott Credit Union's (SCU) Renewed Motion for Summary Judgment (ECF No. 61): (1) SCU's motion (ECF No. 62) for a protective order and a stay of discovery pending resolution of the renewed summary judgment motion, and (2) Plaintiff's motion (ECF No. 65) for extension of time to file a response to the renewed summary judgment motion.

SCU renewed its summary judgment motion pursuant to the Court's Memorandum and Order dated November 4, 2021 (ECF No. 47), in which the Court (1) denied without prejudice SCU's earlier-filed summary judgment motion, (2) granted Plaintiff's request under Federal Rule of Civil Procedure 56(d) for additional time to conduct discovery before responding to the earlier-filed summary judgment motion, and (3) granted Plaintiff until January 3, 2022 to conduct whatever discovery she believed necessary to respond to SCU's motion. ECF No. 47. The Court further ordered that SCU could renew its motion for summary judgment on or after January 3, 2022, and cautioned that, after that date, the Court

would "not grant any further request by Plaintiff under Rule 56(d) for more time to respond to a motion for summary judgment absent a showing with specificity that additional discovery is required to respond to the motion and good cause why such discovery has not been completed." ECF No. 47 at 3 n.3.

The parties thereafter exchanged written discovery and engaged in mediation. On January 11, 2022, following the parties' unsuccessful mediation, SCU renewed its summary judgment motion. ECF No. 61.

SCU contends that, very shortly after SCU renewed its summary judgment motion, Plaintiff requested a deposition of SCU's corporate representative, pursuant to Federal Rule of Civil Procedure 30(b)(6), to be conducted on January 26, 2022. SCU now seeks a protective order to relieve it from producing a witness and a stay of further discovery until its dispositive motion is decided.

Plaintiff, in turn, opposes SCU's motion for a protective order and has separately moved an extension of time, until February 22, 2022, to respond to SCU's renewed summary judgment motion. Plaintiff states that she needs "additional time" to respond to the motion and that she "would also need the 30(b)(6) deposition of Defendant." ECF No. 65. SCU does not oppose Plaintiff's request for an extension of time, but SCU continues to request a protective order related to any Rule 30(b)(6) deposition and a stay of discovery. ECF No. 66.

Upon careful consideration of the parties' arguments, the Federal Rules of Civil Procedure, and this Court's Local Rules, the Court will grant in part Plaintiff's motion for extension of time to respond to SCU's renewed summary judgment motion, solely to the

extent that Plaintiff requests additional time to file a response. However, the Court will not condition the deadline for Plaintiff's response on the completion of the Rule 30(b)(6) deposition or any other discovery. To the extent Plaintiff's motion makes such a request, the motion will be denied.

Indeed, to the extent Plaintiff is again requesting additional time to conduct any discovery under Rule 56(d) prior to responding to SCU's renewed motion for summary judgment, the Court will deny that request. Plaintiff has not shown with specificity why a Rule 30(b)(6) deposition or other discovery is required to respond to the renewed summary judgment motion. *See Stanback v. Best Diversified Prod., Inc.*, 180 F.3d 903, 911 (8th Cir. 1999) (noting that a request for additional time to conduct discovery in order to respond to a summary judgment motion requires "the filing of an affidavit with the trial court showing "what specific facts further discovery might unveil."). Thus, while it will grant the current request for extension of time to respond to SCU's renewed summary judgment motion, the Court cautions Plaintiff that it may deny any further request for an extension time to file a response if the request related to Plaintiff's efforts to conduct more discovery.

The Court will also deny SCU's motion for a protective order and for a stay of discovery. The Court believes that its ruling with respect to any further Rule 56(d) request by Plaintiff is sufficient to ensure prompt resolution of SCU's dispositive motion. The Court will not impose a stay of discovery or a protective order related to the Rule 30(b)(6) deposition. The Court encourages the parties to work in good faith to complete this deposition and other discovery promptly.

3

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for extension of time to file a response to Defendant's motion for summary judgment is **GRANTED in part and DENIED in part**, as set forth above. ECF No. 65. Plaintiff shall have until **February 22, 2022** to file her response. However, the Court will not further delay the deadline for Plaintiff's response to Defendant's motion for summary judgment based on her efforts to conduct discovery.

**IT IS FURTHER ORDERED** that Defendant Scott Credit Union's motion for protective order is **DENIED**. ECF No. 62.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2022.