UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HELEN NICKELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 4:21-CV-00363-AGF |
| ) | |
| SCOTT CREDIT UNION, et al ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion (ECF No. 71) for sanctions against Defendant Scott Credit Union ("SCU") for failure to present a witness at Plaintiff's noticed deposition. Plaintiff filed the motion on February 22, 2022. She states in a footnote that "[p]ursuant to local rule E.D. Mo. 37-3.04(A), Plaintiff's counsel called Defendant's counsel on February 22, 2022 [the same day the motion was filed], at counsel's phone number . . . and left a voicemail to discuss their sanctions motion." ECF No. 71 at 1 n.1.

Local Rule 37-3.04(A), which states that the Court will not consider any motion related to discovery and disclosure unless the motion contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. Pursuant to Local Rule 3.04(A), the statement must recite the date, time, and manner of such in-person or telephone conference, and the names of the individuals participating therein, or must state with specificity the efforts made to confer with opposing counsel.

Plaintiff's footnote does not reflect good faith or reasonable efforts to confer in person or by telephone with opposing counsel to resolve this dispute. Further, in response to Plaintiff's

motion, SCU indicates that it previously relayed to Plaintiff's counsel several questions regarding the noticed deposition topics and also requested alternative deposition dates before the close of discovery due to the witness's unavailability on the requested date.  See ECF No. 73. SCU further states that Plaintiff's counsel left the voicemail regarding the sanctions motion only 30 minutes before filing the motion.  Id.

Upon careful consideration of the parties' arguments, in light of the Federal Rules of Civil Procedure 26, 36, and 37, as well as the Court's local rules, the Court will deny Plaintiff's motion without prejudice.  It appears that SCU is willing and able to provide a witness for deposition before the close of discovery.  To the extent SCU has questions regarding the topics for such deposition, the Court will order the parties to meet and confer in good faith to resolve such questions before engaging in further motion practice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for sanctions is **DENIED without prejudice**.  ECF No. 71.

**IT IS FURTHER ORDERED** that the parties shall promptly meet and confer in good faith in order to resolve any questions regarding the proposed deposition topics and to promptly schedule a deposition.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2022.

2